### 14115. McCLELLAN *v.* CARTER.

1. The city court of Alma is a constitutional city court. *Welborne* v. *State,* 114 *Ga.* 793 (40 S. E. 847) ; *Cone* v. *American Surety Co.,* 154 *Ga.* 840 (115 S. E. 481).
2. A cause of action was stated by the petition in this case as amended, in which it was sought to recover for damage to cattle, alleged to have been wantonly and intentionally done by a State inspector who was dipping and branding them.

             DECIDED APRIL 11, 1923.

Action for damages; from city court of Alma — Judge Tuten. November 2, 1922.

McClellan brought suit against Floyd M. Carter, an inspector under the cattle tick eradication act (Ga. L. 1918, p. 256), alleging in part: that a certain bull belonging to plaintiff was dipped and branded on May 3, 1922; that while bearing the brand placed on him after said dipping and which indicated that he had been dipped, said bull was again dipped on May 8, 1922, and was thereafter " shut up " and ordered estrayed; all under the instructions of said Carter; that the pen in which he was confined was not a safe place, but was a dangerous one; that the passage-way from the pen to the dipping vat was not properly closed; that the defendant " did not exercise the proper caution and was careless when he did not provide a safe place " in which to " shut up " said bull; that the bull " passed into said vat " from which " he was thereafter pulled out, and died therefrom;" that the defendant was negligent in allowing him " to get into the poisonous liquid, where he staid all night, which caused his death;" that his being " shut up " therein was due to the carelessness of the defendant, and " was done without lawful warrant or any right to do so, and with intent to damage the property of petitioner;" that said acts were " wanton and intentionally done by said defendant, without any right to do so, and was done to injure and damage petitioner;" and that the acts and negligence of the defendant complained of were not committed within the scope of his em-

ployment as State cattle inspector under the dipping law.

*I. J. Bussell,* for plaintiff.

BLOODWORTH, J. (After stating the foregoing facts.) Only the 2d headnote needs elaboration. While we recognize the general rule that public officers, when acting in good faith and within the scope of their duty, are not liable to private action, we recognize also that it is well settled that when they do things not authorized by law, or act in a wanton or malicious way and with intent to injure the property of another, they are responsible for a violation of their duty. The petition in this case not only alleges that the acts of the defendant were unauthorized by law, careless, and negligent, and without the scope of his authority as cattle inspector, but that they were wanton and done intentionally and with intent to injure and damage petitioner. It also shows that the defendant did not give to the animal that necessary care and attention which is required by law.

We think the petition was good as against a general demurrer.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*