27925.  RICHTER *v.* HARRIS *et al.*

DECIDED FEBRUARY 23, 1940. REHEARING DENIED MARCH 11, 1940.

*George H. Richter,* for plaintiff.
*Henry T. Chance, Roy V. Harris,* for defendants.

FELTON, J. George H. Richter sued Roy V. Harris and John W. Greer, speaker and clerk, respectively, of the House of Representatives of Georgia, to recover general, exemplary, temperate, and nominal damages for infringing, invading, and preventing the exercise of petitioner's right under the constitution of Georgia to petition for a redress of grievances. He alleged, that he had delivered to the clerk a petition for the redress of grievances, addressed to the House, which is vested with the sole power of impeachment, seeking the impeachment of certain officers; that it was the duty of the clerk to present the petition to the House; and that he refused to do so on the advice and counsel of the speaker, the clerk advising the plaintiff in writing as follows: "The speaker informed me that there was no way that I could present to the House the petition mentioned in your wire, and suggested that I turn it over to the

Chatham County delegation, which I did." He further alleged that there was aggravation in the acts and intentions of the officers, in that they were well informed that petitioner had applied to all other sources for the redress of his grievances, and that there was no other adequate remedy for them except impeachment as prayed for in his petition. He alleged further aggravation in that the officers diverted the petition from the House to those to whom it was not addressed. The action was dismissed on general demurrer, and the plaintiff excepted.

The only question involved is whether the defendants are liable for nominal damages for violation of a legal duty to the plaintiff to present his petition to the House of Representatives. The petition alleges no damages peculiarly suffered by the plaintiff which were not suffered by the public at large from the failure to procure the impeachment of certain public officers. While it is true that every citizen of this State is given a constitutional right to petition to those vested with the powers of government, for redress of grievances (Code, § 2-124), it does not follow that there was a duty upon the defendants in this case to effectuate the presentation and consideration of such petition. The clerk and speaker, as such officers, are servants of the House, and are answerable only to it under its rules and regulations. They owe to citizens generally no duty whatsoever in their official capacities. Therefore their failure to present the petition to the House did not constitute a violation of a legal duty to petitioner which would form the basis of a right of action for even nominal damages. Neither was there a duty on the officers as individuals to present the petition to the House. Moreover, the acts or omissions of governmental officers are not actionable in the absence of wilfulness or corruption, and there is no such suggestion in the petition in this case. There might be a cause of action for a failure on the part of the clerk to return the actual petition presented, but such return was not alleged to have been requested, and the action was not predicated on such a theory. That the legislature has provided no avenue through which petitions for redress of grievances may be presented to it for its consideration is a matter which is political rather than judicial.

There was no error in sustaining the general demurrer to the petition. *Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., concurs in the judgment.