## 40940.  BARNES v. MENDONSA.

PANNELL, Judge. 1. Section 8 of the Act approved February 14, 1949, as amended by the Act of 1956 (Ga. L. 1949, pp. 548, 561; Ga. L. 1956, pp. 2068, 2074), creating a civil service system for the City of Savannah, which section provides for notice and hearing before removal and discharge of an employee, applies only to those in "Classified Service," and holding "permanent Civil Service status" as defined in the Act. Section 2 (1) states, " 'Classified Service' means all offices and positions of trust or employment in the service of the City of Savannah except those placed in the unclassified service by this Act." Section 5 (1) of the Act states that unclassified service shall consist of, among others, "Heads

of departments appointed by the city manager." Section 5 (1) (h) as amended by Section 2 of the Act of 1956 (Ga. L. 1956, pp. 2068, 2069). It follows, therefore, that a person, formerly actively employed in classified service, who is promoted to the head of a department and accepts the same, loses his active status as an employee in classified service in the absence of other provisions of the Act preserving such status. There being no such provisions in the Act of 1949, as amended, above referred to, it follows that an action for damages brought by the head of a department of the City of Savannah against the city manager individually and in his official capacity claiming damages because he was discharged from a position in the "unclassified service" without notice and hearing as required by Section 18 of the Act of 1949, as amended, supra, sets forth no cause of action in this respect.

2. Generally, one in public employment has no vested right to such employment, and, generally, the power to appoint carries with it the power to remove. See *Lentz v. City Council of Augusta*, 48 Ga. App. 555, 556 (1) (173 SE 406). Section 7 of the Act of 1953 amending the charter of the City of Savannah (Ga. L. 1953, Nov. Sess., pp. 2019, 2022) provides that "The City Manager shall have jurisdiction over, and power to appoint to serve during his pleasure, to remove when he deems it for the good of the city, and to fix the compensation of," the chief of police. While the plaintiff may have been entitled, at the time of his removal from the office as chief of police, to a permanent classification in the "Classified service," he is not entitled by reason thereof to employment in such permanent status in the absence of any allegations that an opening in such employment exists, or that he is, by reason of such permanent status, entitled to replace one not so qualified. See §§ 7 and 8 of the Act of 1949, supra, as amended by the Act of 1956, supra.

3. In view of the above rulings and the allegations of the petition, the case does not come within those decisions authorizing a recovery against a public official whose conduct under color of office injures and damages another. See *Cantrell v. National Surety Co.*, 46 Ga. App. 202 (167 SE 314); *McClellan v. Carter*, 30 Ga. App. 150 (117 SE 118); *Price v. Owen*, 67 Ga. App. 58 (19 SE2d 529); *Richter v. Harris*, 62 Ga. App. 64 (7 SE2d 432).

4. It follows that the trial court did not err in sustaining the general demurrer to the petition in the present case.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 28, 1964—REHEARING DENIED
OCTOBER 13, 1964.

*Findley, Shea, Gannam, Head & Buchsbaum, James E. Findley,* for plaintiff in error.

*James B. Blackburn, Nelson Haslam, Alton D. Kitchings,* contra.

