## STEFFEN v. CITY OF MIAMI SPRINGS
### Case No. 83-276 AP
Eleventh Judicial Circuit, Appellate Division, Dade County

August 26, 1985

### APPEARANCES OF COUNSEL

**J. Arthur Hawkesworth, Jr.,** for appellant.

**Robert D. Orshan** for appellee.

Before BARAD, TENDRICH, and GOLDMAN, JJ.

### OPINION OF THE COURT

GOLDMAN, J.

This is an appeal from a decision by the City Manager of the City of Miami Springs to demote Appellant from the position of Chief of Police to the rank of detective. We have jurisdiction.[1]

On August 7, 1980 the City Manager demoted appellant, and formal 'charges' of insubordination were filed on October 29, 1980. An appeal,

---

[1] *City of Miami Springs v. Barad*, 448 So.2d (Fla. 3rd DCA 1983).

pursuant to Civil Service Rules, was taken on November 7, 1980. An evidentiary hearing was held beginning July 29, 1981 and ending August 6, 1981. The Board found that the charges had not been established by the evidence and recommended Appellant be reinstated. The City Manager refused to follow this recommendation, and after a delay of over two years, formally rejected the recommendation and finalized Appellant's demotion.

Appellant claims the acts of the City Manager cannot withstand judicial scrutiny because:

a) The Manager had no authority to reject the findings of the Civil Service Board, and

b) Appellants due process rights were violated.

We agree with each of these contentions and reverse the decision of the City Manager.

The first issue for our consideration is whether or not Appellant was a civil service employee. If in fact he was a civil servant, then the proceedings concerning his demotion were governed by Civil Service Rules, which clearly provide that the decision of the Civil Service Board is final and not subject to review.[2]

In November, 1973, while the City was operating under a 'mayor-council' form of government, Appellant, then a police officer with the City, was appointed Chief of Police. The appointment was made pursuant to the charter then in effect and pursuant to amended Code Ordinance 388-7A-4 (1967).

In November 1974, the citizens of Miami Springs adopted a new City Charter, and replaced the mayor-council form of government with a 'City-Manager' form of government. The City contends that the new Charter supersedes and repeals any ordinance in conflict with it; therefore, we are told, the City Manager was automatically granted the power to appoint and fire department heads without regard to civil service status.

This argument overlooks Section 7.01 of the new Charter which specifically retains civil service status to those employees who had obtained it under the old Charter.[3]

---

[2] City of Miami Springs Code of Ordinance, Sec. 7A-29(3).

[3] Section 7.01 Civil Service—"Civil Service and personnel procedures and rules governing all appointments, dismissals and benefits of employment in effect upon passage of this charter relating to all City officers and employees (except those specifically exempted therefrom by ordinance or subject to collective bargaining

162

Appellant achieved civil service status upon his appointment pursuant to Ordinance 388 enacted October 23, 1967. This status was not repealed until Ordinance 663-82 was passed August 9, 1982, nearly two years after Appellant was demoted. This Ordinance states:

"An Ordinance *amending* 34.04 of Code—Officers Officers and Employees entitled to civil service. . . . ."

34.04 All Officers and Employees shall be entitled to civil service *except* the following:

(1) The City Clerk and the Chief of Police (Emphasis added).

This amendment is a clear indication that the City recognized that its new Charter did not repeal Ordinance 388.

The City Manager also recognized Appellant's claim to civil service status in his letter of October 29, 1980 wherein he stated:

"If you disagree with the actions taken against you in this matter by the City Manager, you are *entitled to appeal* his decision and actions to the *Civil Service Board,* pursuant to the provisions of the City of Miami Springs Code of Ordinances, Sec. 7A-29(2). . . . . ." (Emphasis added).

The City relies on *Barnes v. Mendosa,* 138 S.E. 2d 914 (Georgia 1964) which held that a police officer who was entitled to civil service status lost that status after promotion to Police Chief because the City Manager had the power to appoint and remove department heads. The City chooses to ignore the following language in *Barnes:*

"It follows therefore, that a person (Police Chief) formerly actively employed in classified service, who is promoted to the head of a department and accepts the same, loses his active status as an employee *in the absence of other provisions of the Act preserving such status.*" (Emphasis added).

Section 7.01 preserved civil service status to Appellant.

The City's final contention, that Appellant never completed a competitive exam and therefore cannot have civil service status is totally devoid of merit.[4]

Therefore: Appellant had civil service status when he was demoted

---

agreements) shall remain in effect for the benefit of the said officers and employees in accordance with the ordinances establishing the Civil Service, personnel procedures and rules. Civil Service ordinances, personnel procedures and rules shall be approved or amended by ⅘ vote of the City Council."

[4] Code 388 specifically exempts department heads from written examination.

in 1980. The Civil Service Board, after hearing, dismissed the charges and recommended reinstatement. The City Manager was bound by this recommendation. His failure to follow the recommendation was erroneous and must be reversed.

In view of the fact that the City Manager's decision must be reversed due to Appellant's civil service status, it is not necessary for us to discuss the second issue. We do, however, feel constrained to reflect briefly on the patent due process violations present during these proceedings.

Appellant was demoted without notice of the charges against him, and was not advised of the charges for two months. *Jessen v. Village of Lydon Station*, 519 F.Supp. 1183 (W.S. Wis. 1981).

The Board (which ultimately found in favor of Appellant) had as a member a close personal friend of the man who was promoted to Chief of Police in place of the Appellant, a man who had to testify before the very Board of which he was a member.

In addition, the principle witness against Appellant was the City Manager, and his neighbor was another member of the Board.

Finally, the City Manager refused to act upon the Board's recommendations for a period in excess of two years. Such action was a total disregard of Appellant's due process rights, and further demonstrated not only a total lack of objectivity, but a careless disregard for all of Appellant's rights.

Accordingly, the decision of the City Manager is reversed. The City is ordered to immediately reinstate Appellant as Chief of Police and to pay him full back pay, with interest, and emoluments.