71993. BURGESS v. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION.
(345 SE2d 45)

SOGNIER, Judge.

Barbara D. Burgess brought this wrongful discharge action against her former employer, Decatur Federal Savings and Loan Association (DFS). The trial court granted summary judgment in favor of DFS and Burgess appeals.

Appellant contends the trial court erred by granting summary judgment in favor of appellee because questions of fact remain as to her claim of breach of her employment contract with appellee. Appellant had worked for appellee for nine years as a secretary/accountant when she was fired for insubordination. Appellant argues that appellee's stated reason for her termination, that appellant had taken an

unauthorized absence from her job, was false, and that appellee's Employee Benefits and Policies manual ("manual") constituted a binding contract between the parties such that appellant became subject to termination only as outlined in the manual.

"We do not view this manual setting forth certain policies and information concerning employment with appellant necessarily as a contract [cit.], and even if considered as a contract, it was clearly terminable at will because it failed to specify a period of employment. [Cit.] . . . Therefore, in the absence of a definite period of employment, the manual did not bestow upon appellee the status of permanent lifetime employee of appellant. [Cit.] Employment was thus terminable at the will of either party. [Cit.]" *Ga. Ports Auth. v. Rogers*, 173 Ga. App. 538, 539 (1) (327 SE2d 511) (1985). The trial court did not err in granting summary judgment against appellant. Id.; *Miles v. Bibb Co.*, 177 Ga. App. 364 (1) (339 SE2d 316) (1985); *Anderberg v. Ga. Elec. &c. Corp.*, 175 Ga. App. 14, 15 (1) (332 SE2d 326) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 8, 1986 —
REHEARING DENIED APRIL 22, 1986 — 

*Harold D. Corlew*, for appellant.
*F. Kytle Frye III*, for appellee.