75204. BELL et al. v. STONE MOUNTAIN MEMORIAL
ASSOCIATION.
(366 SE2d 353)

BENHAM, Judge.

After he was terminated from his employment with appellee, Bell brought this suit as a class action on behalf of everyone employed by appellee as permanent employees before September 11, 1978, and discharged by appellee subsequent to that date without cause, notice, or hearing. September 11, 1978, is a crucial date because it was on that date that appellee, by resolution, amended its personnel policies to eliminate rules providing that the tenure of permanent employees was to be during good behavior and satisfactory performance of duties. The personnel policies were first enacted by appellee in 1966, and were amended in 1976 to add the provisions which were removed from the policies in 1978. The policies, as amended in 1978, provide that all employees serve at the discretion of the general manager of appellee. Bell contends that the policies which were in effect from 1976 to September 1978 conferred on the members of the class a property interest in continued employment during good behavior, and that the amendment of the policies and the subsequent discharge of employees without cause deprived the members of the class of due process.

"Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U. S. 564, 577 (92 SC 2701, 33 LE2d 548) (1972). Georgia law is of no benefit to appellants in the creation of the asserted property right since employment for an indefinite period such as appellants', without a written contract providing otherwise, is terminable by the employer at will, and such termination will not give rise to an action for wrongful termination. *Ga. Power Co. v. Busbin*, 242 Ga. 612 (1) (250 SE2d 442) (1978).

It appears, therefore, that appellants must look to the personnel policies for the source of the property right they assert. That document, however, is equally unavailing because it contains a provision which prevents any of the rights granted by it from becoming vested. That provision states, "These policies and procedures may be amended by Association resolution." There is no factual dispute in this case concerning the procedural validity of appellee's action in its September 11, 1978, resolution. The dispute has narrowed to the single question of whether the word "amend," as used in the policies, is broad enough in meaning to encompass an amendment removing the job security provisions added in 1976.

This issue was addressed in *Moffet v. Stone Mountain &c. Assn.*, United States District Court for the Northern District of Georgia, Civil Action File No. C80-153A, decided April 28, 1981. That court decided that appellee did have the power to amend its policies so as to remove the job security provisions. Although decisions of the federal district courts are not binding on this court (*Corvair Furn. Mfg. Co. v. Bull*, 125 Ga. App. 141 (3) (186 SE2d 559) (1971)), we are persuaded that the correct result was reached in *Moffet*.

Appellants' whole thrust in argument is that the word "amend" can only be used to add to that which is amended, to correct defects, to improve or make changes for the better. In support of that proposition, appellants cite *Eminent Household of Columbian Woodmen v. Eppes*, 24 Ga. App. 762 (102 SE 174) (1919), and *Ranger Ins. Co. v. Columbus-Muscogee Aviation*, 130 Ga. App. 742 (204 SE2d 474) (1974). Those cases are clearly distinguishable in that they involve contracts, not the internal resolutions of an organization. Moreover, appellants neglected to complete, in their argument, the quote in *Ranger Ins. Co.* from Black's Law Dictionary. In addition to the definitions appellants mention, there is the neutrally phrased, "To change, correct, revise." Our conclusion is that appellee, in the original enactment of its personnel policies, reserved the power to change, correct, or revise those policies. The amendment of which appellants

complain was clearly a change and a revision, and from appellee's point of view, it was very likely a correction.

We hold, therefore, that appellee had the authority to delete from its policies the provisions on which appellants rely and that the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED FEBRUARY 9, 1988 —
REHEARING DENIED FEBRUARY 22, 1988 —

*Fletcher Thompson,* for appellants.

*Michael J. Bowers, Attorney General, Wayne Yancey, Senior Assistant Attorney General, Bryndis R. Jenkins, Assistant Attorney General,* for appellee.