A91A1460. FULTON-DeKALB HOSPITAL AUTHORITY v.
METZGER.
(417 SE2d 163)

COOPER, Judge.

Appellee was employed by appellant as a paramedic on December 18, 1988, when he sustained an injury while on the job. At the time appellee was hired, appellant's Personnel Policies & Practices handbook ("handbook") provided that if an employee were unable to work as a result of an on-the-job injury, he would receive his regular rate of pay while disabled. In December 1986, the handbook was revised to read that on-the-job injuries would be governed by Georgia workers' compensation laws. Despite the revision of the handbook, appellee was paid his full salary of $485.30 per week from the date of his injury until February 18, 1990. On that date, appellant changed its practice of paying full salaries to workers injured on the job to payment of full salary for only four months and payment of weekly workers' compensation benefits thereafter, which was $175 per week in appellee's case. Appellee brought this action to recover the difference between his full salary and the workers' compensation payments, asserting a vested property interest in a contract of employment with appellant which

included, as a condition of employment, payment of full salary in case of injury on the job. Denying the existence of such a contract, appellant filed a motion to dismiss on the grounds that appellant is not contractually bound by the handbook, that appellee is an employee at will; and that appellee failed to set forth a claim cognizable under Georgia law. The trial court determined that although there was no written contract of employment, the version of the handbook in effect when appellee was hired, which authorized payment of full salary, constituted a binding contract between the parties, in accordance with *Fletcher v. Amax, Inc.*, 160 Ga. App. 692 (288 SE2d 49) (1981). We granted appellant's application for interlocutory appeal to consider the trial court's denial of appellant's motion to dismiss.

1. We initially call appellant's attention to Court of Appeals Rules 14 and 27 which require that enumerations of error, as well as briefs, be filed within 20 days after the case is docketed. Despite appellant's failure to file an enumeration of error, we have exercised our discretion to nevertheless consider the merits of this appeal.

2. Appellant contends the trial court erred in finding a binding contract between the parties in view of express language in the revised handbook which provides: "This employee handbook is intended to acquaint you with the policies, procedures and benefits of working at The Fulton-DeKalb Hospital Authority. It is not intended and shall not constitute terms or conditions of employment or a contractual agreement or arrangement. The Fulton-DeKalb Hospital Authority subscribes to the contents of this handbook, but reserves the right at any time, with or without notice, to modify, suspend or eliminate any of the matters set forth in this handbook." The record record demonstrates that while appellee was given a copy of the revised handbook in 1987, which contained the above quoted language, the version of the handbook distributed by appellant at the time appellee was hired did not contain such language. Appellant contends that it did not intend to be bound by the policies recited in the earlier handbook and that its payment of full salary after the revision was a gratuity.

Although the handbook does not specify a definite period of employment and bestow upon appellee the status of permanent lifetime employee, it, nevertheless, can be considered a contract with respect to the employment benefits provided therein. See *Georgia Ports Auth. v. Rogers*, 173 Ga. App. 538 (327 SE2d 511) (1985). Appellee was not suing in regard to his employment status, but his claim was based upon appellant's extension of certain benefits to appellee which were payable in the event of a compensable injury and which were earned by appellee by virtue of his continued employment with appellant. See *Capriulo v. Bankers Life Co.*, 178 Ga. App. 635 (3) (344 SE2d 430) (1986). "It is the accepted law of this state that an addi-

tional compensation plan offered by an employer and impliedly accepted by an employee, by remaining in employment, constitutes a contract between them, whether the plan is public or private, and whether or not the employee contributes to the plan. [Cits.]" *Fletcher*, supra at 695. We agree with the trial court that the parties are bound by the disability policy in the handbook which existed at the time appellee accepted employment with appellant. In an affidavit, appellee stated his entitlement to full salary based on the earlier version of the handbook which was in effect when he was hired. "The policies in the employee handbook of which [appellee] was aware form a part of [his] contract of employment." *Shannon v. Huntley's Jiffy Stores*, 174 Ga. App. 125 (2) (329 SE2d 208) (1985). Accordingly, the trial court did not err in finding a valid contract. Appellee did not consent to any reduction of his contractual benefits. See *Eminent Household &c. Woodmen v. Bryant*, 59 Ga. App. 283, 287 (200 SE 321) (1938). Compare *Bell v. Stone Mountain Mem. Assn.*, 185 Ga. App. 890 (366 SE2d 353) (1988). Moreover, appellant's payment of full salary to appellee after the revision of the handbook and its decision in 1990, to pay full salary for the first four months after an injury before paying workers' compensation benefits, do not demonstrate that appellant even intended to be governed by the revised handbook.

3. In its second enumeration of error, appellant contends the trial court erred in failing to dismiss for a lack of jurisdiction because appellee's claim actually seeks an increase in his workers' compensation benefits, a matter within the discretion of the State Board of Workers' Compensation. The record reflects that appellee is already receiving the maximum benefit to which he is entitled by the board and that this case involves contractual matters between appellant and appellee over which the board would have no jurisdiction.

4. Appellant also contends that appellee failed to exhaust his administrative remedies; however, the record shows that appellee filed a grievance which was rejected by appellant's director of employee relations as an improper vehicle to change hospital policy. The grievance was not processed and was returned to appellee based upon the director's conclusion, after consulting with the director of personnel, that the panel responsible for hearing the matter as a final step in the grievance procedure had no authority to change hospital policy. Since appellant's agent's own actions prevented appellee from completing the grievance procedure and the rules do not provide an alternative method to bring the matter before the appropriate panel, appellant cannot be heard to complain that appellee failed to exhaust his administrative remedies. This enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 12, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*Arrington & Hollowell, Stephanie Getter, W. Ray Persons, Robert J. Routman,* for appellant.
*Davis & Sissel, Kenneth M. Sissel,* for appellee.
*Alston & Bird, Mary C. Gill, Joseph W. Crooks,* amici curiae.