A96A0766. JONES v. CHATHAM COUNTY, GEORGIA et al.
A96A1339. POWERS v. JONES.
(477 SE2d 889)

POPE, Presiding Judge.

Plaintiff Lujane Jones worked for defendants in the County Tax Commissioner's office. When the Commissioner discovered Jones had engaged in unacceptable personal conduct, she gave Jones the choice of resigning or being fired. Jones resigned, but subsequently brought this suit, alleging that the termination without a hearing constituted a violation of her right to procedural due process as well as a breach of contract. In Case No. A96A0766, Jones appeals from the trial court's grant of summary judgment for all defendants on her constitutional claim; and in Case No. A96A1339, defendant Powers, the current Tax Commissioner, appeals from the denial of his motion for summary judgment on the breach of contract claim. Because the available post-termination procedures cured the employer's failure to have a pre-termination hearing, we affirm the grant of summary judgment for defendants on the procedural due process claim. We reverse the denial of Powers' motion for summary judgment, however, as an employer's failure to follow termination procedures in a personnel manual is not actionable under Georgia law.

Plaintiff worked in the delinquent tax division, where it was her responsibility to schedule periodic sales of properties whose owners had not paid their taxes. Based on information from one of plaintiff's co-workers, the operations manager ("Gorman") initiated an investigation which showed that plaintiff had failed to pay taxes on properties she owned, had moved the documentation on these properties from the general files to her own desk drawer, and had marked her properties off the list of those to be sold. Gorman then told the Tax Commissioner, who decided that plaintiff (as well as her immediate supervisor, who had done the same thing) had to resign or be fired.

On April 25, 1994, Gorman confronted plaintiff about her unacceptable behavior and asked for an explanation. Plaintiff did not deny the allegations, but said she was having financial problems. During that same meeting, Gorman gave plaintiff a resignation letter and a termination letter and told her to sign one of them. According to Gorman, the termination letter informed plaintiff of her right

to appeal an involuntary termination; but according to plaintiff, it did not.

Plaintiff signed the letter of resignation. That same day, however, she contacted the Personnel Advisory Board and told them she wanted to appeal the Commissioner's decision. On June 15, 1994, the Board informed plaintiff they would hear her appeal even though she had signed a letter of resignation. But the hearing was not held until October 11, 1994, for several reasons: the attorneys were trying to resolve the dispute without a hearing; the GBI was investigating the Tax Commissioner's office during this period, and the Tax Commissioner resigned; and the Board, which is all volunteer, ran into scheduling problems, both with Board members and with witnesses. By the time the hearing was scheduled, plaintiff had just filed this suit (it had not yet been served on defendants), and refused to participate.

## Case No. A96A0766

Plaintiff argues that defendants violated her right to procedural due process by terminating her without a hearing, and that this violation was not cured by offering her a post-termination hearing five months later.

1. We first address whether plaintiff's resignation was sufficiently involuntary to trigger the protections of the due process clause. Plaintiff signed a resignation letter, and for purposes of due process analysis, public employee resignations are presumed to be voluntary. See *Hargray v. City of Hallandale*, 57 F3d 1560, 1568 (11th Cir. 1995). That an employee must choose between resignation and a comparably unpleasant alternative does not render his choice involuntary. Id. If he knows he could "stand pat and fight" but chooses to avoid the stigma of firing by resigning instead, he is bound by his choice and is not entitled to a hearing. Id.; see also *Christie v. United States*, 518 F2d 584, 587 (Ct. Cl. 1975). But this choice must be based on an awareness of the charges against him and his right to a hearing if he does not resign. See *Burch v. Rame*, 676 FSupp. 1218, 1228 (S.D. Ga. 1988). In this case, there is a factual dispute about whether plaintiff was informed of her right to appeal an involuntary termination (i.e., of the right she would be waiving by signing the letter of resignation). Accordingly, the trial court properly denied summary judgment on this issue.

2. Where, as here, a public employee has a property interest in her continued employment,[1] some type of pre-termination hearing is

---

[1] Although a public employee does not generally have a property interest in continued employment under Georgia law, such an interest does arise for due process purposes when

required. See *Cleveland Bd. of Ed. v. Loudermill*, 470 U. S. 532, 542 (105 SC 1487, 84 LE2d 494) (1985). Depending on the circumstances, the pre-termination hearing need not be elaborate. Id. at 545. But it must be before the person charged with responsibility for making the termination decision. *Jones v. City of East Point*, 795 FSupp. 408, 414 (N.D. Ga. 1992), aff'd, 987 F2d 775 (11th Cir. 1993). In this case, the only meeting which could be characterized as a pre-termination hearing was the April 25 meeting in which Gorman confronted plaintiff with the charges against her and asked for an explanation. But Gorman acknowledged that the termination decision had already been made by the Tax Commissioner a week earlier, and that she did not have authority to change that decision, regardless of plaintiff's explanation. Thus, plaintiff was deprived of the required pre-termination hearing.

3. Nonetheless, the deprivation resulting from a failure to have a pre-termination hearing does not ripen into a procedural due process violation unless the state "refuses to make available a means to remedy the deprivation." *McKinney v. Pate*, 20 F3d 1550, 1563 (11th Cir. 1994). See also *Atlanta City School Dist. v. Dowling*, 266 Ga. 217 (466 SE2d 588) (1996). "In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney*, 20 F3d at 1557.

In *Dowling*, a public employee dismissed without a pre-termination hearing was able to appeal her dismissal to a personnel board, and then to the Georgia courts (see OCGA § 5-4-1 et seq.); she was eventually reinstated with full back pay. Citing *McKinney*, the Georgia Supreme Court held that because the state had provided adequate procedures to remedy the situation, there was no procedural due process violation actionable under 42 USCA § 1983. As the same procedures available to the employee in *Dowling* were available to plaintiff in this case, it follows that there was no actionable due process violation here either. Plaintiff attempts to distinguish *Dowling* on the grounds that the employee in that case successfully utilized the available procedures and was eventually reinstated. But the focus of the procedural due process analysis is whether the state makes adequate procedures available — not whether the plaintiff takes advantage of those procedures and achieves a successful outcome. Cf. *Lee v. Hutson*, 810 F2d 1030 (11th Cir. 1987) (existence of

---

the employment can be terminated only for cause. See *Brownlee v. Williams*, 233 Ga. 548, 551 (212 SE2d 359) (1975); *Wayne County v. Herrin*, 210 Ga. App. 747, 755 (7) (437 SE2d 793) (1993). In this case, it is undisputed that plaintiff could be terminated only for cause, and thus had a property interest in her continued employment.

OCGA § 5-4-1 et seq. precludes procedural due process claim of dismissed state employee, even though the employee failed to take advantage of the statutory scheme). Accordingly, summary judgment on plaintiff's due process claim was proper.

4. Nor did the five-month delay render the remedy offered by the state constitutionally inadequate. Contrary to plaintiff's assertions, this conclusion does not mean the state can delay indefinitely or wait until the employee files an action under 42 USCA § 1983 before offering the post-termination remedy. "The Due Process Clause requires provision of a hearing 'at a meaningful time.' [Cit.] At some point, a delay in the post-termination hearing would become a constitutional violation. [Cit.]" *Loudermill*, 470 U. S. at 547.[2] But that point was not reached in this case.

In *Fed. Deposit Ins. Co. v. Mallen*, 486 U. S. 230 (108 SC 1780, 100 LE2d 265) (1987), the United States Supreme Court provided guidance on when a delay in the hearing process becomes a constitutional violation. There, the Supreme Court cautioned lower courts not to be "improperly concerned with the danger of an interminable delay," but instead to look at the delay in the specific case and what might have happened differently had there been no delay. Id. at 242. Specifically, courts should consider the harm to the plaintiff's interest, the justification for the delay offered by the state, and the likelihood that the interim decision may have been mistaken. Id.

That is exactly what the lower court did in this case, and we agree with its conclusions. Though the absence of income clearly harmed plaintiff during this period of delay, the latter two considerations weigh heavily in favor of the state. At least part of the delay was caused by plaintiff's submission of what appeared to be a voluntary resignation letter, and the scheduling difficulties do not seem unreasonable under the circumstances. Moreover, plaintiff does not deny that she engaged in the unacceptable conduct alleged; she simply attempts to justify it on the grounds that her immediate supervisor was doing the same thing. Under these circumstances, the trial court did not err in ruling that the delay in this case did not reach the point of a constitutional deprivation.

### Case No. A96A1339

In this case, defendant Powers challenges the trial court's denial of his motion for summary judgment on plaintiff's breach of contract claim. The premise of this claim is that even if the Tax Commissioner did not violate plaintiff's constitutional right to due process, she

---

[2] In *Loudermill*, a nine-month delay was deemed not unconstitutionally lengthy per se. 470 U. S. at 547.

failed to follow all the procedures for termination set forth in the personnel manual; and this failure to follow the procedures in the manual constituted a breach of contract.

5. Powers argues that a violation of procedures in a personnel manual is not actionable as a breach of contract, and we agree. A policy that public employees can be terminated only for cause does give the employee an interest in continued employment for purposes of procedural due process analysis. See *Brownlee v. Williams*, 233 Ga. at 550 (1). But that does not mean that a manual stating the policy and setting forth procedures for its implementation is a contract. For purposes of the breach of contract claim, we look only to Georgia law and make no distinction between public and private employees. See *Peterson v. Atlanta Housing Auth.*, 998 F2d 904, 913, n. 18 (11th Cir. 1993). And under Georgia law, personnel manuals stating that employees can be terminated only for cause and setting forth termination procedures are not contracts of employment; failure to follow the termination procedures contained in them is not actionable. See *Burgess v. Decatur Fed. Sav. & Loan Assn.*, 178 Ga. App. 787 (345 SE2d 45) (1986); *Anderberg v. Ga. Elec. Membership Corp.*, 175 Ga. App. 14, 15 (1) (332 SE2d 326) (1985).[3]

In other words, if a public employee has a personnel manual stating she can be fired only for cause, she is entitled to procedural due process, the adequacy of which is governed by federal law. But if the requirements of due process are met, the employer's failure to follow all the procedures in the manual does not give rise to an action for breach of contract. Thus, the trial court erred in denying Powers' motion for summary judgment on the breach of contract claim. Plaintiff's reliance on *Wayne County v. Herrin*, 210 Ga. App. at 755 (7), is misplaced, as the decision in that case was grounded in due process analysis rather than breach of contract.

6. In light of our decision in Division 5, we need not address Powers' sovereign immunity argument.

*Judgment affirmed in Case No. A96A0766. Judgment reversed in Case No. A96A1339. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 5, 1996.

*McCorkle, Pedigo & Johnson, David H. Johnson*, for Jones.
*Emily E. Garrard*, for Powers.

---

[3] But see *Fulton-DeKalb Hosp. Auth. v. Metzger*, 203 Ga. App. 595, 596 (2) (417 SE2d 163) (1992) (with respect to *benefits* rather than termination of employment, provisions of employee handbook given to employee at time he was hired are legally binding).

*Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr.,* for Chatham County.