## A98A1786. ELLISON v. DeKALB COUNTY.
### (511 SE2d 284)

RUFFIN, Judge.

Sergeant Robert K. Ellison of the DeKalb County Police Department sued DeKalb County, claiming that the county improperly denied him the opportunity to be considered for promotion to lieutenant. The trial court granted summary judgment in favor of the county, and Ellison appeals. For reasons discussed below, we affirm.

In 1987, DeKalb County entered into a court-approved settlement agreement in two separate lawsuits filed by associations of law enforcement officers. The settlement agreement set specific rules governing the promotional process within the DeKalb County Police Department. In July 1996, the settlement agreement was modified to require that, in order to be eligible for testing and promotion to the position of lieutenant, an applicant must have served at least three years in the rank of sergeant. Prior to this time, only two years experience at the sergeant level had been required. However, when the settlement agreement was modified, the county did not amend the Department of Public Safety Employee Manual to reflect the change in the promotion process. The employee manual continued to state as follows: "To be eligible to take the promotional exam for Police Lieutenant, the candidate must have attained the rank of Police Sergeant and served in that capacity for at least two years (24 months). The position of Police Lieutenant requires the candidate to complete a series of testing procedures, and these procedures along with the selection process will be located in the Settlement Agreement."

Ellison was promoted to sergeant on April 30, 1994. In March 1997, the county solicited applications for promotion to the position of lieutenant. The notice of the promotion process, dated March 3, 1997, stated that the qualifications for the position included three years of experience at the level of police sergeant and that applicants must meet the minimum requirements as of March 14, 1997. On March 3, 1997, Ellison submitted an application for promotion to lieutenant, although he testified that he did not recall whether he had seen the posted notice. On March 24, 1997, the county recruiting manager sent Ellison a letter indicating that he met the minimum requirements for the position of lieutenant. Ellison subsequently participated in the evaluation process, which included a written test, an oral interview, and a role playing exercise. Ellison contends that he ranked eleventh out of seventy applicants based on these tests.

On May 29, 1997, the county merit system coordinator sent Ellison a letter informing him that, upon further review, it had been determined that he did not satisfy the minimum eligibility criteria for the position of lieutenant. Specifically, Ellison did not have the required three years of experience at the level of police sergeant as of

the March 14, 1997 cut-off date.

Ellison testified that he knew the promotional process was governed by the settlement agreement, and that he had heard that the agreement had been modified, but that he was not sure if he knew about the modification before he submitted his application for promotion. He testified that it was common knowledge in the police department that promotions were governed by the settlement agreement.

1. Ellison contends that the employee manual amounted to a binding contract and gave him the right to be considered for promotion after only two years experience as a sergeant. This contention is without merit.

An employee manual "setting forth certain policies and information concerning employment [is not] necessarily [viewed] as a contract." (Punctuation omitted.) *Burgess v. Decatur Fed. Sav. &c. Assn.*, 178 Ga. App. 787, 788 (345 SE2d 45) (1986). However, we have held that provisions in an employee manual relating to additional compensation plans, of which an employee is aware, may amount to a binding contract between the parties. See *Fulton-DeKalb Hosp. Auth. v. Metzger*, 203 Ga. App. 595, 596-597 (2) (417 SE2d 163) (1992) (disability benefits); *Shannon v. Huntley's Jiffy Stores*, 174 Ga. App. 125, 126 (2) (329 SE2d 208) (1985) (vacation pay); *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981) (severance pay). The reasoning in these cases is that the additional compensation plan set forth in the manual represents an offer by the employer which the employee implicitly accepts by remaining in employment. Id. However, not all provisions in employee manuals are to be considered binding agreements. For example, we have held that "personnel manuals stating that employees can be terminated only for cause and setting forth termination procedures are not contracts of employment; failure to follow the termination procedures contained in them is not actionable." *Jones v. Chatham County*, 223 Ga. App. 455, 459 (5) (477 SE2d 889) (1996). Moreover, *Jones* expressed agreement with the broad proposition that "a violation of procedures in a personnel manual is not actionable as a breach of contract." Id.

It appears that the statements in the employee manual regarding the promotion process are more analogous to the procedures discussed in *Jones* than to the compensation plans described in the other cases above and thus are not to be regarded as a binding contract but merely as a statement of "certain policies and information concerning employment." (Punctuation omitted.) *Burgess*, supra at 788.

Moreover, the employee manual itself suggests that it does not impose binding contractual obligations regarding the promotion process. Ellison has introduced only two pages of the employee manual into the record in this case, and neither of these pages indicates that

the manual is to be considered a binding contract with respect to the promotion process. Indeed, immediately after stating that a candidate must have at least two years experience as a sergeant to be eligible to take the promotional exam for lieutenant, the manual states that "[t]he position of Police Lieutenant requires the candidate to complete a series of testing procedures, and these procedures along with the selection process will be located in the Settlement Agreement." Thus, the employee manual expressly indicates that the selection process will be governed by the settlement agreement. "This language, even if standing alone, would put the ordinarily prudent person on notice that the complete details [regarding the promotional process] were absent from [the employee manual], and that at least one other source should be consulted for full details." (Punctuation omitted.) *Adams v. Hercules, Inc.*, 245 Ga. 464, 465 (265 SE2d 781) (1980).

Ellison admits that he knew the promotion process was governed by the settlement agreement, and that this fact was common knowledge within the police department, although he was not aware of the 1996 modification to the settlement agreement. The employee manual itself expressly states that the selection process is found in the settlement agreement. Accordingly, unlike those cases dealing with additional compensation plans, the reference to two years experience in the employee manual cannot be considered an "offer" that is "accepted" by the employee by remaining in employment. See *Metzger*, supra; *Shannon*, supra; *Fletcher*, supra. To the extent that any document gave Ellison a contractual right to be considered for promotion, it was the settlement agreement, and not the employee manual. It is thus apparent that the employee manual, while "setting forth certain policies and information concerning employment[, is not to be viewed] as a contract." (Punctuation omitted.) *Burgess*, supra. Because Ellison's contract claim is predicated solely upon the employee manual, the trial court did not err in granting summary judgment to the county on this claim.

2. Ellison contends that he had a property interest in being considered for promotion, and that he was therefore entitled to a hearing before being removed from consideration for promotion. This contention is without merit. As discussed above, Ellison had no contractual right to be considered for promotion. Moreover, "[a] prospective promotion is not a property or liberty interest protected by the fourteenth amendment [or the Georgia constitution]." (Punctuation omitted.) *Cohilas v. Clayton County Bd. of Commrs.*, 206 Ga. App. 134, 136 (3) (424 SE2d 651) (1992). Accordingly, Ellison's claims for violation of due process are without merit. See *Atkinson v. City of Roswell*, 203 Ga. App. 192, 196 (4) (416 SE2d 550) (1992) (no entitlement to procedural due process where interest impaired does not involve pro-

tectible interest in life, liberty, or property).

*Judgment affirmed. Beasley, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 2, 1999 —

*Ralph S. Goldberg*, for appellant.

*Jonathan A. Weintraub, Joan F. Roach, Howard W. Indermark*, for appellee.