302 Ga. 70
FINAL COPY

S17A0880.  O'CONNOR v. FULTON COUNTY et al.

HUNSTEIN, Justice.

Appellant Patrick J. O'Connor appeals the grant of summary judgment to Appellees Fulton County and its County Manager, Richard Anderson, on his claims for breach of contract, mandamus relief, and attorney fees.  For the reasons set forth below, we affirm.

As found by the trial court, the undisputed facts establish as follows. O'Connor was hired in 1996 as the CFO/Finance Director for Fulton County. At all relevant times, O'Connor was an unclassified, at-will employee, and, though the Finance Director position was originally an "on-range position" — i.e., one that is on a pay scale —  it was later changed to a set-rate position, which has a salary specifically approved by either the County Manager or the Fulton County Board of Commissioners ("the Board").  In October 2014, the Board appointed O'Connor as Interim County Manager.  Just a few months later, however, O'Connor was removed from that position and given the option

to resign as Finance Director or be fired; O'Connor refused to resign, and the Board terminated his employment.

In September 2015, O'Connor filed a three-count complaint against the County and its new County Manager seeking damages for breach of contract from the County, a writ of mandamus compelling Anderson to reinstate O'Connor to the position of Finance Director, and attorney fees from both parties. In his complaint, O'Connor asserted that the Fulton County Personnel Regulations constituted an employment contract and that, pursuant to Fulton County Personnel Regulation 300-4 (7), he was entitled to be returned to his former position as Finance Director after he was removed as Interim County Manager; O'Connor also asserted that, once reinstated to the former position, his employment could only be terminated by the *County Manager*, not the Board, and, thus, sought a writ of mandamus compelling Anderson to return him to his former position.

The trial court granted summary judgment to Appellees, concluding that the personnel regulations did not create an employment contract and that, even if they had, Personnel Regulation 300-4 (7) did not apply to O'Connor. The trial court also concluded that, because O'Connor could not prevail on his

underlying breach-of-contract claim, he was not entitled to mandamus relief or attorney fees. O'Connor now appeals.

1. As O'Connor recognizes in his brief, this appeal turns on whether the Fulton County Personnel Regulations amount to an employment contract and, if they do, whether they apply to him. The issues before this Court are purely legal, see City of Buchanan v. Pope, 222 Ga. App. 716, 717 (476 SE2d 53) (1996), and "[o]ur review of the trial court's grant of summary judgment is de novo." See Southern States-Bartow County v. Riverwood Farm Homeowners Assn., 300 Ga. 609, 611 (797 SE2d 468) (2017).

Generally speaking, the policies and information in personnel or employee manuals[1] neither create a contract, see, e.g., Ellison v. DeKalb County, 236 Ga. App. 185 (1) (511 SE2d 284) (1999), nor support a claim for breach of contract, see Jones v. Chatham County, 223 Ga. App. 455 (5) (477 SE2d 889) (1996). Nevertheless, "an at-will employment relationship can give rise to certain contractual rights." See Shelnut v. Mayor and Aldermen of the City of

---

[1] Though the personnel policies involved here are regulations that have the force and effect of law, neither side argues that, for the purposes of our breach-of-contract analysis, the personnel regulations at issue here are not substantially similar to a personnel manual or employee handbook, and we do not address such an argument.

3

Savannah, 333 Ga. App. 446, 450 (2) (776 SE2d 650) (2015). "[P]rovisions in an employee manual relating to additional compensation plans, of which an employee is aware, may amount to a binding contract between the parties," Ellison, 236 Ga. at 186 (1), as may "a promise of future compensation made at the beginning of the employment relationship," Shelnut, 333 Ga. App. at 451 (2).[2]  O'Connor recognizes these general principles and argues that Fulton County Personnel Regulation 300-4 (7) constitutes an additional or future compensation policy that amounts to an enforceable contract.[3]  We disagree.

When interpreting this regulation, we must give effect to its plain and unambiguous provisions.  See City of Buchanan, 222 Ga. App. at 717.  Fulton County Personnel Regulation 300-4 (7) states as follows:

> Any permanent Classified or permanent Unclassified on-range employee, who is required by the Appointing Authority,

---

[2] But see Arby's, Inc. v. Cooper, 265 Ga. 240, 241 (454 SE2d 488) (1995) (recognizing that "the promise of future compensation must *also* be for an exact amount or based upon a 'formula or method for determining the exact amount'" (citation omitted)).

[3] To the extent that O'Connor is actually asserting that the County failed to follow its own procedures under Regulation 300-4 (7) when it terminated his employment, such a claim, even if true, does not give rise to a claim for breach of contract. See Doss v. City of Savannah, 290 Ga. App. 670, 677 (5) (660 SE2d 457) (2008) ("Even if Doss were able to establish that the City failed to follow its own procedures in connection with her termination, this Court has held that such evidence does not give rise to a breach of contract claim.").

4

or designee, to work in an acting or interim capacity whereby he/she performs the duties of a vacant existing higher classification and position outside of his/her regular classification/position for twenty (20) or more consecutive workdays in one (1) calendar year, shall receive the salary of the acting or interim position effective on the twenty-first (21st) workday. Such appointment shall not exceed one (1) year. An Appointing Authority shall not appoint an employee unless such employee meets the eligibility requirements for the higher class. Once the employee is no longer performing the duties in the higher classification and position, he/she shall be returned to his/her former classification and position and *to the salary at which he/she would have been entitled had he/she remained in the position. . . .*

(Emphasis supplied.) By its plain language, Regulation 300-4 (7) does not guarantee future compensation; instead, it speaks to the administration of certain temporary appointments. The mentions of salary are in the context of a temporary appointment (or a return therefrom) and the referenced salary is plainly contingent upon *continued employment*. Indeed, the nature of O'Connor's argument supports our reading of the regulation; namely, O'Connor asserts that Regulation 300-4 (7) gave him a contractual right to *return to his former position* at the conclusion of his temporary appointment; any concern regarding future compensation is dependent upon and collateral to his central

5

argument of being returned to his former position.[4]  But see E. D. Lacey Mills, Inc. v. Keith, 183 Ga. App. 357, 359 (2) (359 SE2d 148) (1987) ("[A]n employee cannot sue to enforce future performance of a terminable-at-will employment agreement.").

Simply put, Regulation 300-4 (7) controls the administration of certain temporary appointments and does not amount to a promise of future compensation; accordingly, the provision does not form the basis of an employment contract.  Compare Shelnut, 333 Ga. App. at 451-452 (2) (contract created by policy that explicitly addressed salary and provided "for an automatic increase at a definite percentage upon promotion to a supervisory position"), and Fulton-DeKalb Hosp. Auth. v. Metzger, 203 Ga. App. 595 (2) (417 SE2d 163) (1992) (provision controlling disability pay for on-the-job injury constituted enforceable contract).

Moreover, even if this Court were to construe O'Connor's argument as a true claim for breach of contract premised on future compensation *and* to conclude that Regulation 300-4 (7) is a provision that could give rise to such a

---

[4] Notably, O'Connor acknowledged below that, after his employment was terminated, he was compensated for his accrued, unused paid vacation leave at the hourly rate of the *County Manager* position.

claim, O'Connor *still* does not prevail on his claim. Under its plain language, Regulation 300-4 (7) applies only to "on-range" employees, and it is undisputed that O'Connor was a "set-range" employee. Compare Regulation 300-4 (4) (addressing the temporary appointment of "employees" generally). Apparently recognizing that the language of the regulation is unambiguous, O'Connor asserts that a plain reading of the regulation leads to an absurd result. This argument, however, is unavailing because O'Connor has failed to detail how the plain-language reading is absurd or unworkable; further, the mere fact that the plain language of the regulation is unfavorable to O'Connor does not in and of itself render it absurd or untenable. See Harris v. Mahone, 340 Ga. App. 415 (1) (797 SE2d 688) (2017).

2. O'Connor also argues that he is entitled to a writ of mandamus compelling Anderson, the new County Manager, to reinstate him as Finance Director. Again relying on Regulation 300-4 (7), O'Connor asserts that he was automatically returned to his former position as Finance Director when he was removed as Interim County Manager and that he has never been lawfully removed from that position. This argument fails for two reasons.

First, as explained above, Regulation 300-4 (7) is inapplicable to

7

O'Connor because he was not an "on-range" employee. Second, as a public, at-will employee with no vested right in his continued employment, see, e.g., Barnes v. Mendonsa, 110 Ga. App. 464 (2) (138 SE2d 914) (1964), O'Connor cannot demonstrate that he has a clear legal right to be reinstated to his position as Finance Director. Cf. Wayne County v. Herrin, 210 Ga. App. 747 (7) (437 SE2d 793) (1993) (writ of mandamus proper remedy where County employees with *vested right* in employment were terminated without due process).

3. Finally, because O'Connor has not prevailed on his claim for damages, the trial court correctly concluded that he was not entitled to attorney fees under OCGA § 13-6-11. See Benchmark Builders v. Schultz, 289 Ga. 329 (1) (711 SE2d 639) (2011).

Judgment affirmed. All the Justices concur.

Decided September 13, 2017.

Mandamus. Fulton Superior Court. Before Judge Campbell.

Parks, Chesin & Walbert, J. Matthew Maguire, Jr., for appellant.

Jerolyn W. Ferrari, Kristen B. Williams, Paula R. Miller, Kaye W. Burwell, Dominique A. Martinez, for appellees.