A90A1086. BALKCOM et al. v. JONES COUNTY et al.
(395 SE2d 889)

McMURRAY, Presiding Judge.

On February 13, 1989, James Balkcom, David Lane and Nelson Chapman (plaintiffs) brought an action against Jones County, Georgia, and members of the Board of Commissioners of Jones County (defendants), alleging that they (plaintiffs) were former commissioners of Jones County; that they "were removed from office pursuant to a recall election held under the provisions of O.C.G.A. § 21-4-1, et seq."; that "[t]he [recall] statute, as enacted, was unconstitutional . . ."; and that, as a consequence, their removal "from office . . . was illegal and unconstitutional." Plaintiffs demanded judgment for an "amount of money representing salary and other benefits to which they were entitled as Commissioners of Jones County, plus interest to the date of judgment. . . ."

Evidence adduced at a bench trial showed that on January 1, 1981, plaintiffs began serving four-year terms as members of the Board of Commissioners of Jones County and that on March 30, 1982, plaintiffs were removed from office pursuant to an OCGA § 21-4-1 recall election. The evidence also revealed that, as members of the Board of Commissioners of Jones County, plaintiffs were entitled to statutorily conferred expense benefits and salaries. Plaintiffs' salaries and expense benefits were cut off after they were removed from office.

Judgment was entered for defendants and this appeal followed. *Held*:

"All actions for the enforcement of rights accruing to individuals

under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued; provided, however, that all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued." OCGA § 9-3-22.

In the case sub judice, plaintiffs were entitled to salaries and benefits as members of the Board of Commissioners of Jones County through December 31, 1984. Plaintiffs did not bring an action for the recovery of their statutorily conferred salaries and benefits within two years after their claims accrued. Consequently, plaintiffs' claims are barred. See *City of Atlanta v. Adams*, 256 Ga. 620 (351 SE2d 444). The trial court did not err in entering judgment for defendants.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 2, 1990 —
REHEARING DENIED JULY 13, 1990 — CERT. APPLIED FOR.

*O. Hale Almand, Jr., Leigh G. Brogdon*, for appellants.
*Groover & Childs, Frank H. Childs, Jr.*, for appellees.