A90A0195. MUSCOGEE COUNTY BOARD OF EDUCATION et al. v. BOISVERT et al.

(396 SE2d 303)

Pope, Judge.

Plaintiffs, two groups of teachers, filed separate complaints against defendants, the Muscogee County Board of Education, members of the Muscogee County Board of Education, the Muscogee County School District and Dr. Braxton Nail, Superintendent of the Muscogee County School District, contending that defendants breached plaintiffs' employment contracts. Specifically, plaintiffs contended defendants, in determining plaintiffs' salaries under the contracts, failed to credit plaintiffs with the proper number of years experience as provided by Note A to the 1981 and subsequent Department of Education Georgia Teacher Annual/Monthly Salary Schedule and the 1981 General Appropriations Act, Ga. L. 1981, pp. 1036, 1225, § 49. Defendants filed an answer and "Action for Declaratory Judgment . . . in the Nature of a Counterclaim" wherein they denied their liability to plaintiffs on the grounds that plaintiffs had been paid in accordance with the terms of their respective employment contracts and that for each year in question plaintiffs' salaries exceeded what they would have been paid under the state minimum salary schedule. Defendants also contended that Note A was a misinterpretation of the language contained in the Appropriations Act and that all or part of plaintiffs' claims were barred by the applicable statute of limitation.

Subsequently, and pursuant to the consent of the parties, the trial court entered an order consolidating plaintiffs' claims against defendants and bifurcating the question of liability and damages. Upon motions of the parties, the trial court entered an order granting summary judgment to all plaintiffs on the question of liability, except as to those claims barred by the six-year statute of limitation contained in OCGA § 9-3-24, and denied defendants' motion for summary judgment. We affirm.

1. The record shows that since 1981 the State Department of Education has appended to the state minimum salary schedule for teachers language identical to or substantially the same as the following: "After successful completion of one year of experience and the CRT exam and assessment, the teacher will move to the third year of experience on the salary schedule. If the beginning teacher does not complete the assessment during the first year but completes the assessment at the beginning of the second year of teaching, then the

teacher will move to the third year of experience on the schedule the month following completion of permanent (PBT) certification. After permanent certification and one year of experience the teacher will resume annual increments." As stated supra, plaintiffs contend that defendants failed to credit them with the proper number of years experience based on the language contained in Note A above. Defendants concede that plaintiffs' salaries for the years in question (defendants first began paying plaintiffs in accordance with Note A in 1985-86, failed to pay them in accordance with Note A in 1986-87, and resumed paying in accordance with Note A in 1987-88) were based on actual number of years experience, not the "credited" or additional number of years experience to which plaintiffs contend they were entitled pursuant to Note A. However, relying on certain provisions of the Adequate Program for Education in Georgia Act ("APEG") (Ga. L. 1975, pp. 539, 561, § 56) (Ga. Code Ann. § 32-656 a) as supplanted by the Quality Basic Education Act (Ga. L. 1985, pp. 1657, 1712, § 1) (OCGA § 20-2-212) defendants contend they were not obligated to pay plaintiffs in accordance with the state minimum salary schedule, including the provisions of Note A, so long as the salary established by defendants equaled or exceeded the minimum salary provided in the state schedule.

OCGA § 20-2-212 provides in relevant part that "[t]he State Board of Education shall establish a schedule of minimum salaries for services rendered. . . . The minimum salary schedule shall provide a minimum salary base for each classification of professional personnel required to be certified; shall provide for increment increases above the minimum salary base of each classification based upon individual experience and length of satisfactory service; and shall include such other uniformly applicable factors as the state board may find relevant to the establishment of such a schedule. . . . *A local unit of administration shall not pay to any full-time certificated professional employee a salary less than that prescribed by the schedule of minimum salaries. . . . Local units of administration may, however, supplement the salaries of such personnel. . . .*" (Emphasis supplied.) It is undisputed that plaintiffs in this case were paid more than they would have received under the minimum salary schedule, by virtue of the fact that a local supplement was added to the salary of each teacher. We do not agree with defendants, however, that the fact that the total salary paid to each plaintiff was more than the minimum salary they would have received under the State schedule, exclusive of local supplement, is dispositive of the issue in this case. The question remains whether defendants were required to pay those teachers holding the appropriate certification as provided in Note A, or whether it was permissible to pay those teachers based solely on actual experience.

The record shows the Muscogee County salary schedule was based on the "State Salary Schedule plus existing local supplement." Thus, the essence of defendants' argument is that although they adopted the state minimum in setting their salary schedule, they were free to disregard Note A in determining the number of years experience to credit to the plaintiffs because they also chose to pay their teachers a local supplement, which resulted in a total salary to the teachers in excess of the minimum prescribed by the State. However, according to both the state schedule and defendants' local schedule, a necessary step in determining the appropriate salary for teachers is that the number of years experience of the teacher first be ascertained. Note A simply provides, as established by the State Board of Education, pursuant to an act of the legislature, the means for making this determination for beginning teachers who have received the appropriate certification. That defendants were aware of this practice of crediting teachers with experience is evidenced by the fact that they followed this procedure when requesting reimbursement monies from the State. We hold, therefore, that the defendants could not obviate this requirement in contracting with their teachers simply by paying their teachers a local supplement which resulted in their salary being more than the minimum prescribed by the State Department of Education. Consequently, defendants' first enumeration of error provides no basis for reversal.

2. Defendants also contend the trial court should have applied the two-year statute of limitation contained in OCGA § 9-3-22 in determining whether plaintiffs' claims are barred, not the six-year statute of limitation set forth in OCGA § 9-3-24.

OCGA § 9-3-22 provides: "All actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued; provided, however, that all actions for recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued." Defendants argue that although plaintiffs sued for breach of contract, the only basis of recovery was the 1981 Appropriations Act containing the language subsequently appended as Note A, and thus OCGA § 9-3-22, not OCGA § 9-3-24 applies. We disagree. In the case at bar, plaintiffs' contracts were made "in consideration of and in agreement with the laws of Georgia. . . ." The contracts further provided "[i]f the valid Georgia Teacher's certificate of the correct years of experience were not shown herein at the time of the execution of the contract, the contract will be adjusted accordingly for the entire contract period." "Therefore, the claim in the case at bar is based upon an enforceable simple written contract. The statute of limitations on all simple con-

tracts in writing is six years; and this is true whether the promise sued on is expressed in the writing or implied and written into it by the law. This rule is in accord with the decisions of the Supreme Court in numerous cases where it has been expressly recognized that, *where the contract forming the basis of the action is in writing,* the provisions of OCGA § 9-3-24 are applicable. (Emphasis supplied.) [Cits.]" (Punctuation omitted.) *Nelson v. Nelson,* 176 Ga. App. 107, 108 (335 SE2d 411) (1985). Cf. *City of Atlanta v. Adams,* 256 Ga. 620 (351 SE2d 444) (1987), relied on by defendants, in which "[t]he basis of the recovery [was] the ordinance itself." We find no merit to defendants' contention that the State Board of Education misinterpreted the language of the Appropriations Act, Ga. L. 1981, p. 1036, § 49, in drafting Note A. Although the wording of the two is not identical, our review of both Note A and the Act, as well as relevant portions of the record, convinces us this difference is without effect.

3. Likewise we find no merit to defendants' final enumeration. The contracts at issue in this case contain references to both the Muscogee County School District and the Muscogee County Board of Education as the contracting party. Thus we reject defendants' contention that it has been conclusively established on the record before us that the only proper party to this litigation is the Muscogee County School District.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED JULY 13, 1990 —
REHEARING DENIED JULY 26, 1990 — CERT. APPLIED FOR.

*Harben & Hartley, Phillip L. Hartley, James E. Humes II, Hatcher, Stubbs, Land & Hollis, Robert C. Martin, Jr.,* for appellants.

*Grogan, Jones, Rumer & Gunby, Milton D. Jones, Michael E. Kramer, John R. Myer,* for appellees.