S96A1906. BUSKIRK et al. v. STATE OF GEORGIA et al.
(482 SE2d 286)

THOMPSON, Justice.

For nearly 25 years, the state gave within-grade pay increases to employees in the classified service of the State Merit System who rated "satisfactory" or better in their job performance appraisal. Then, on April 25, 1991, responding to a budget crisis in fiscal year 1991, the governor called for an immediate freeze on such pay hikes. The General Assembly appropriated money for within-grade wage increases in fiscal year 1992. However, it met in August 1991 and removed that money from the budget. Thereafter, the legislature refused to fund within-grade pay increases in fiscal years 1993, 1994 and 1995.

Plaintiffs, who are employees in the classified service, brought this class action lawsuit on September 1, 1994, asserting the state government violated the State Merit System Act[1] by illegally withholding within-grade pay increases. They sought damages for breach of contract, impairment of contractual rights, and, pursuant to 42

[1] OCGA § 45-20-1 et seq.

USC § 1983, violations of constitutional rights. The trial court dismissed any claims pertaining to fiscal years 1991 and 1992, finding that they were barred by the statute of limitation. The trial court granted summary judgment to defendants upon the remaining claims, concluding that any obligation on the part of the state to pay wage increases in the future would constitute an illegal pledge of credit. Plaintiffs appeal.

1. The legislature has given the State Personnel Board authority to adopt rules and regulations effectuating the state merit system. OCGA § 45-20-4 (b) (3). When approved by the governor, the merit system rules and regulations have the force and effect of law. Id.; *Brown v. State Merit System*, 245 Ga. 239, 242 (2) (264 SE2d 186) (1980).

The State Personnel Board adopted, and the governor approved, a rule which provided, in part:

> Each employee shall be considered for a salary advance at least annually. The appointing authority may advance an employee's salary by any number of steps up to and including step seven of the range; provided, however, that prior to such an advancement the appointing authority must execute a performance appraisal or otherwise document the reason for advancement.

Rules of the State Personnel Board, Chapter 478-1-.OA, Par. A.302. Plaintiffs argue that this rule, coupled with the state's longstanding practice of paying annual within-grade wage increases, gave them a contractual right to be paid such increases. See *Clark v. State Personnel Bd.*, 252 Ga. 548, 549 (2) (a) (314 SE2d 658) (1984) (Merit System Act creates constitutionally protected contract between merit system employees and state).

We assume, arguendo, that a rule which requires the state to *consider* salary increases, also requires the state to *give* salary increases. Nevertheless, we hold that, unless the General Assembly authorized the expenditure of salary increases for a given fiscal year, see *Busbee v. Ga. Conference, American Assn. of Univ. Professors*, 235 Ga. 752, 760 (2) (221 SE2d 437) (1975), the state was not required to give them. Why? Because the General Assembly cannot pledge the good faith and credit of the state into the future. *State Ports Auth. v. Arnall*, 201 Ga. 713, 728 (41 SE2d 246) (1947). See also Ga. Const. of 1983, Art. III, Sec. IX, Par. I ("No money shall be drawn from the treasury except by appropriation made by law."). As this Court has said: "No one legislature [can] tie the hands of its successors with reference to a subject upon which they have an equal power to legislate. [Cits.]" *State Ports Auth. v. Arnall*, 201 Ga. 713, 728, supra. The mere

fact that the state gave salary increases to its classified employees for 25 consecutive years does not mean it was bound to do so in the future. See *Warren v. Crawford*, 927 F2d 559, 564 (11th Cir. 1991) (mutual understandings cannot create a property interest in employment that is contrary to law).

2. OCGA § 9-3-22 provides that actions for the recovery of wages accruing under a law respecting the payment of wages must be brought within two years after the right of action accrues. *City of Atlanta v. Adams*, 256 Ga. 620 (351 SE2d 444) (1987). It follows that, insofar as they pertained to fiscal years 1991 and 1992, plaintiffs' claims were time barred because they were based on statutes (i.e., the appropriation acts), not contracts. Id. Compare *Balkcom v. Jones County*, 196 Ga. App. 378 (395 SE2d 889) (1990) with *Muscogee County Bd. of Ed. v. Boisvert*, 196 Ga. App. 537, 539 (2) (396 SE2d 303) (1990). Inasmuch as the statute of limitation for the recovery of back pay under 42 USC § 1983 must follow the most analogous Georgia statute of limitation, *Cook v. Ashmore*, 579 FSupp. 78 (N.D. Ga. 1984), plaintiffs' federal civil rights claims are also time barred. *Grimes v. Pitney Bowes, Inc.*, 480 FSupp. 1381 (N.D. Ga. 1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1997 —
RECONSIDERATION DENIED APRIL 3, 1997.

*Bouhan, Williams & Levy, Wilbur D. Owens III,* for appellants.

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General,* for appellees.