A98A0640. INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS LOCAL #471 et al. v. CHATHAM COUNTY.
(502 SE2d 341)

BEASLEY, Judge.

The 1990 Chatham County personnel handbook provides that county employees who perform to certain standards will receive specified salary increases. The board of commissioners did not approve funding for increases in 1993, 1995, and 1996, although it did so in other years. Employees sought, by suit, increases which would have been paid in those years and a writ requiring the county to pay future increases.

Both the county and the employees moved for summary judgment. The court, citing *Buskirk v. State of Ga.*,[1] held that the county commissioners had the discretion each year whether to fund the increases. It awarded summary judgment to the county and denied the same to the challengers.

The employees argue the handbook constitutes a contract; the county contends it is a civil service system.[2] We will assume without

---

[1] 267 Ga. 769 (482 SE2d 286), cert. denied, ___ U. S. ___ (118 SC 160, 139 LE2d 105) (1997).
[2] Compare *Fulton-DeKalb Hosp. Auth. v. Metzger*, 203 Ga. App. 595, 596 (2) (417 SE2d 163) (1992) (handbook "can be considered a contract with respect to the employment benefits

deciding that the county, which by resolution adopted the handbook as an ordinance, was bound to follow its provisions relative to merit increases.[3]

The parties also dispute whether the handbook conditions merit increases on the approval of funding by county commissioners each year. We will similarly assume the handbook does not condition increases on funding approval.

With these assumptions in favor of the employees, the factual posture of the case is analogous to that in *Buskirk*,[4] in which state employees sought damages for the General Assembly's refusal to fund salary increases referenced in a rule of the State Personnel Board. Like the county employees here, plaintiffs in *Buskirk* argued that the rule, "coupled with the state's longstanding practice of paying annual . . . wage increases, gave them a contractual right to be paid such increases. [Cit.]"[5]

*Buskirk* assumed arguendo that the rule required the state to give the salary increases but still affirmed summary judgment against the employees. The court explained that "unless the General Assembly authorized the expenditure of salary increases for a given fiscal year, the state was not required to give them. Why? Because the General Assembly cannot pledge the good faith and credit of the state into the future. As this Court has said: 'No one legislature can tie the hands of its successors with reference to a subject upon which they have an equal power to legislate.' The mere fact that the state gave salary increases to its . . . employees for 25 consecutive years does not mean it was bound to do so in the future."[6]

The issue is whether this principle applies to the salary funding decisions of Chatham County commissioners. The Georgia Constitution establishes: "The governing authority of each county is authorized to fix the salary, compensation, and expenses of those employed by such governing authority. . . ."[7] The General Assembly has authorized a board of county commissioners to serve as the governing authority for Chatham County.[8]

OCGA § 36-30-3 (a) provides that "[o]ne council may not, by an ordinance, bind itself or its successors so as to prevent free legisla-

---

provided therein") with *Jones v. Chatham County*, 223 Ga. App. 455, 459 (5) (477 SE2d 889) (1996) (handbook is not considered a contract with respect to termination procedures).

[3] See *Wayne County v. Herrin*, 210 Ga. App. 747, 751 (1), 755 (7) (437 SE2d 793) (1993) (adoption of civil service system and accompanying manual does not create an oral contract; nevertheless, county is bound to follow manual).

[4] Supra.

[5] 267 Ga. at 770.

[6] (Citations and punctuation omitted.) Id. at 770-771 (1).

[7] Ga. Const. of 1983, Art. IX, Sec. II, Par. I (f).

[8] Ga. L. 1984, p. 5050, § 1; see Ga. L. 1987, p. 5523, § 25.

tion in matters of municipal government."[9] Applying this statute to county commissioners, *Wilson v. Southerland*[10] upheld the decision of the Gordon County Commission to slash the district attorney's budget so as to preclude his employing an assistant district attorney. The district attorney argued that because the county had agreed in previous years to fund the position, the obligation to compensate the assistant continued. The Supreme Court of Georgia disagreed, giving as reason: "The appropriating process is a legislative function and the law prohibits a local governing authority from binding itself or its successors so as to prevent free legislation."[11]

Even though contrary to historical arrangements, the Supreme Court has upheld county commission decisions to cut a sheriff's budget so he would have to lay off one of his five deputies,[12] to slash a sheriff's budget by 47 percent,[13] and to terminate county employees based on budgetary concerns.[14]

The Chatham County board of commissioners was free each year to fund or not to fund salary increases for the employees.[15] Any contrary language in the handbook could not legally bind the board to approve or fund increases in the future.

*Judgments affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 8, 1998.

*Lee, Black, Scheer & Hart, Steven E. Scheer, Christopher L. Rouse, Edenfield & Cox, Gerald M. Edenfield,* for appellants.

*Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr., Emily E. Garrard,* for appellee.

---

[9] See *Smith v. Ouzts*, 214 Ga. 144, 146 (1) (103 SE2d 567) (1958) ("any contract which controls or restricts the discretion vested in a public officer or public body is contrary to public policy and void").

[10] 258 Ga. 479 (371 SE2d 382) (1988).

[11] Id. at 480 (1); see *Madden v. Bellew*, 260 Ga. 530, 531 (1) (397 SE2d 687) (1990) (OCGA § 36-30-3 (a) applies to legislative decisions of county commission boards).

[12] *Bd. of Commrs. of Randolph County v. Wilson*, 260 Ga. 482 (396 SE2d 903) (1990).

[13] *Chaffin v. Calhoun,* 262 Ga. 202 (415 SE2d 906) (1992).

[14] *Smith v. Bd. of Commrs. &c. of Hall County*, 244 Ga. 133, 142 (4) (259 SE2d 74) (1979).

[15] See generally OCGA § 36-81-3.