A98A1257. JOHNSON et al. v. FULTON COUNTY.

(509 SE2d 355)

POPE, Presiding Judge.

Fulton County firefighters Thomas Johnson and Robert Tyrrell, Fulton County deputy sheriffs Neel Berry and Yvonne McConico, the Fraternal Order of Fulton County Firefighters and Local 453 International Brotherhood of Police Officers filed a class action against Fulton County. The employees claim that from 1990 until the present the county failed to pay county merit system employees annual salary increases of four percent as required by an employee handbook. They seek damages under theories of breach of contract, promissory estoppel, and due process. The county moved for summary judgment on all the claims, and the employees moved for partial summary judgment. The court denied the employees' motion, but granted the county's motion. The employees appeal. We affirm the trial court's judgment.

1. The employees argue they have a contractual right to four percent annual pay raises based on the following language from an employee handbook:[1] "A multi-step salary range is established for each class and position. These steps or 'increments' provide for regular annual increases of one step (4%) each year." While this language, standing alone, might be construed to guarantee yearly raises, the trial court correctly ruled that the language, when read in the con-

---

[1] The booklet was printed once and distributed to county departments in August 1987. No further copies were printed after that time.

text of the entire handbook and the applicable county personnel regulations, does not entitle employees to mandatory annual pay raises. Moreover, the court also correctly ruled that any purported pay raise requirement set forth in the handbook cannot legally bind future county authorities.

(a) The foreword of the handbook states: "The purpose of this handbook is to acquaint you with your job and your County. It will provide you with answers to many of your questions." The handbook later provides: "Your service and careers with Fulton County are governed by two important publications, the Civil Service Act of 1982 and the Personnel Regulations, which implement the Civil Service Act. All employees and Appointing Authorities are required by the Act to comply with these Personnel Regulations. We urge all employees to refer to and read these Personnel Regulations carefully so that you may be kept fully informed as to your rights, privileges and obligations. These Personnel Regulations contain comprehensive and detailed information concerning positions and classes, salaries . . . and many other items which will affect your employment." (Punctuation omitted.) Another section of the handbook which summarizes employee benefits, including annual pay raises, states: "For more details, please refer to the various booklets and publications which are included in this handbook."

One of the publications included with the handbook is a copy of the personnel regulations. The foreword of the regulations provides: "[T]he Board of Commissioners, County Manager and Personnel Board are pleased to announce the approval and publication of the enclosed series of Personnel Regulations (PR's) for the information and guidance of all concerned. These Personnel Regulations supersede and replace all earlier Rules and Regulations of the Personnel Board. . . . These Personnel Regulations . . . have the force and effect of law. All employees and Appointing Authorities are enjoined by the Act to comply with their provisions. We urge all employees to read these Personnel Regulations carefully so that you may be kept fully informed as to your rights, privileges and obligations. Any questions that may arise concerning these Regulations should be referred to the Fulton County Personnel Department."

Based on the quoted language from the handbook and the personnel regulations, it is apparent that the handbook does not establish the specific and comprehensive terms of employment with the county. Rather, the handbook merely summarizes and acquaints employees with their rights, privileges and obligations. The specific rules actually governing employee rights, such as salary increases, are found in the county personnel regulations, which implement the Civil Service Act. The handbook and the regulations expressly notify employees that they must consult the personnel regulations to be

fully informed about their rights, privileges and obligations. Accordingly, the employees' reliance on language from the handbook in claiming mandatory pay increases is misplaced. See *Adams v. Hercules, Inc.*, 245 Ga. 464 (265 SE2d 781) (1980) (handbook put employees on notice of a master agreement and that such master agreement should be examined to determine available benefits).

Instead of the handbook, the personnel regulations must be examined to determine if the county is required to give employees annual pay raises. The applicable regulation is PR-300-14, which provides: *"Upon the recommendation of an Appointing Authority and approval by the Personnel Director and the County Manager, a one (1) step regular annual salary increase may be granted* to an employee within the authorized range for each twelve (12) months of continuous active creditable service, counting from the established annual increment date in each instance, except for employees in the maximum step of their assigned ranges." (Emphasis supplied.) As the trial court correctly found, this regulation does not require that the county pay annual raises to all employees; rather, it establishes that the county has discretion in deciding whether to award raises. The appointing authority has discretion to recommend a raise, and both the personnel director and the county manager have discretion to approve such a recommendation. Based on such recommendation and approval, a raise *may* be granted. Because the regulations do not provide for mandatory annual pay raises, but instead provide for the possibility of such increases at the discretion of county authorities, the employees' claim that the county had a contractual obligation to give annual raises is without basis in fact or law.

(b) Furthermore, even if we assume without deciding that the 1987 handbook requires the county to give employees annual four percent salary increases, such a requirement cannot legally bind the county to approve or fund pay increases in the future. In *Intl. Brotherhood &c. v. Chatham County*, 232 Ga. App. 507 (502 SE2d 341) (1998), Chatham County employees argued that an employee handbook providing for salary increases was a contract requiring the county to pay such unpaid increases. This Court held that the county could not be bound by the handbook. "OCGA § 36-30-3 (a) provides that one council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government. . . . The appropriating process is a legislative function and the law prohibits a local governing authority from binding itself or its successors so as to prevent free legislation." (Citations and punctuation omitted.) Id. at 508-509. Likewise, the handbook in the instant case cannot prevent free legislation by binding future county authorities to approve annual salary increases. See *Buskirk v. State of Ga.*, 267 Ga. 769 (482 SE2d 286) (1997).

For the foregoing reasons, the trial court correctly granted summary judgment to the county on the employees' breach of contract claim.

2. The employees claim that they relied to their detriment on the county's promise to pay annual four percent raises and therefore the county is estopped from denying such raises. To establish a claim under the doctrine of promissory estoppel, the employees must show (1) the county promised mandatory annual four percent raises, (2) the county should have expected that the employees would rely on such a promise, (3) the employees did in fact rely on the promise to their detriment, and (4) injustice can be avoided only by enforcement of the promise. See OCGA § 13-3-44 (a); *Dooley v. Dun & Bradstreet Software &c.*, 225 Ga. App. 63, 66 (3) (483 SE2d 308) (1997). The employees cannot establish a promissory estoppel claim because, as discussed in Division 1, the county did not promise mandatory annual four percent pay raises. Because there was no binding promise of automatic pay increases, the trial court correctly granted summary judgment to the county on this claim.

3. The employees argue that the county's failure to give them the promised annual four percent salary increases violates their due process rights under the Georgia Constitution.[2] In support of their argument, they cite *State of Ga. v. McMillan*, 253 Ga. 154, 160 (1) (319 SE2d 1) (1984), which held that a prohibition on the ability of retired superior court judges to practice law violated their due process rights to work. Unlike the appellants in *McMillan*, the employees in this case have not had their right to work limited. Moreover, their claimed interest in annual four percent pay raises is not, as discussed above, a property right that has been provided for by any law. See *Horne v. Skelton*, 152 Ga. App. 654, 660 (4) (263 SE2d 528) (1979) (no legal entitlement to job promotion). Accordingly, the trial court did not err in granting summary judgment in favor of the county on the due process claims. See generally *City of Atlanta v. Mahony*, 162 Ga. App. 5 (289 SE2d 250) (1982).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 13, 1998.

*Kirwan, Parks, Chesin & Miller, Larry Chesin*, for appellants.
*Viviane M. Haight, Larry W. Ramsey, Jr.*, for appellee.

---

[2] "No person shall be deprived of life, liberty, or property except by due process of law." Ga. Const. of 1983, Art. I, Sec. I, Par. I.