**ESCOLASTICO DE LEON–GRANADOS, Isaias Profeta De Leon–Granados and Armenio Pablo–Calmo on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**ELLER AND SONS TREES, INC. and Jerry Eller, Defendants.**

**No. 1:05 CV 1473 CC.**

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 28, 2006.

Alex R. Gulotta, Charlottesville, VA, Andrew H. Turner, Kelley Bruner, Mary C. Bauer, Montgomery, AL, George Brian Spears, Law Office of Brian Spears, Atlanta, GA, James M. Knoepp, Tim A. Freilich, Falls Church, VA, for Plaintiffs.

James Larry Stine, Wimberly Lawson Steckel Nelson & Schneider, Atlanta, GA, for Defendants.

## DISCOVERY ORDER

COOPER, District Judge.

This matter is before the Court on Plaintiffs' Motion to Compel Production of Documents [Doc. No. 37], Plaintiffs' Motion to Compel Responses to Interrogatories [Doc. No. 38], and Plaintiffs' Motion to Compel Compliance with Subpoena Duces Tecum [Doc. No. 95]. The Court addresses each of these motions in turn below but first addresses a primary issue in dispute between the parties, the statute of limitations applicable to Plaintiffs' claim brought pursuant to the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

## I. APPLICABLE STATUTE OF LIMITATIONS

The AWPA does not contain a limitations period within which an action must be brought. Accordingly, the Court must "borrow" the statute of limitations applicable to analogous claims under the state law of the forum state.

The Eleventh Circuit has designed a two-step analysis to be applied when a federal court seeks to "borrow" a state statute of limitations in actions brought under a federal civil rights statute which does not contain its own statute of limitations. In choosing which state statute of limitations to apply to claims under the federal civil rights statutes, we must engage in a two-step analysis: 'first, what under federal law is the "essential nature" of the claim, and second, what statute of limitations would the state courts hold applicable to this type or class of claim.'

*Solomon v. Hardison* 746 F.2d 699 (11th Cir.1984) (citations omitted). Here, the parties agree that the essential nature of Plaintiffs' AWPA claim is breach of their employment contract with Defendant Eller & Sons Trees, Inc. ("Defendant"). The parties disagree, however, on the statute of limitations that Georgia courts would hold applicable to this type or class of claim. Plaintiffs assert that O.C.G.A. § 9-3-24's six-year statute of limitations applies, which governs claims on written contracts in Georgia. By contrast, Defendant asserts that O.C.G.A. § 9-3-22's two-year statute of limitations applies, which is the statute of limitations for wage claims and governs claims arising under statutes.

Having considered the respective positions of both Plaintiffs and Defendant and having read and considered the law cited by both parties, the Court finds that the applicable statute of limitations in this case is the six-year statute of limitations provided in O.C.G.A. § 9-3-24. A review of Plaintiffs' First Amended Complaint reveals that most of Plaintiffs' AWPA claims seek redress for breaches of their "working arrangement," a written expression of which is required by 29 U.S.C. § 1822 and 18 U.S.C. § 1831. Plaintiffs explain that their written "working arrangement" con-

tract is embodied in the U.S. Department of Labor's Form ETA 750 "Job Clearance Orders" and in Defendant's disclosure contract, which set forth Plaintiffs' terms and conditions of employment, and which Defendant required each worker to sign before starting work. Georgia law is clear that "*where the contract forming the basis of the action is in writing,* the provisions of O.C.G.A. § 9-3-24 are applicable." *Muscogee County Bd. of Educ. v. Boisvert,* 196 Ga.App. 537, 539, 396 S.E.2d 303 (1990) (emphasis in original). Defendant has not cited a single case in which the two-year statute of limitations provided in O.C.G.A. § 9-3-22 was applied to a contractual claim for wages. Moreover, selecting the six-year limitations period over the two-year limitations period comports with "our paramount duty ... to effectuate the federal policies embodied in the AWPA statutory scheme." *Barajas v. Bermudez,* 43 F.3d 1251, 1260 (9th Cir. 1994) (choosing longer of two potentially applicable statutes of limitations in effort to effectuate policy goals of AWPA); *see also Caro-Galvan v. Curtis Richardson, Inc.,* 993 F.2d 1500, 1505 (11th Cir.1993) ("AWPA is a remedial statute and should be construed broadly to effect its humanitarian purpose."); *Sanchez v. Morrison,* 667 F.Supp. 536, 538 (W.D.Mich.1987) (noting the broad remedial purposes of the AWPA in deciding to apply Michigan's six-year statute of limitations for breach of contract rather than the three-year period for injury to property or person). Accordingly, the Court concludes that the statute of limitations properly applied to Plaintiffs' AWPA claims is the six-year period provided in O.C.G.A. § 9-3-24 governing simple contracts in writing.

## II. PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs move the Court for an order compelling Defendant to produce for in-

spection and copying those documents and things sought through Plaintiffs' First Request for Production of Documents to Defendant Eller & Sons Trees, Inc. Specifically, Plaintiffs moves the Court to compel Defendant to respond to requests for production # 1–9, 11–13, 15, 19, and 20. Having reviewed the production requests at issue, the corresponding objections by Defendant, the respective positions of the parties, and the law relied on by both Plaintiffs and Defendant, the Court hereby orders the following:

(1) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 1 to the extent that the Court orders Defendant to produce payroll records, wage statements, ledgers, "score sheets," and check stubs for all H–2B workers, including the Plaintiffs, it employed in any capacity between June 6, 1999, and the present.

(2) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 2 to the extent that the Court orders Defendant to produce the visas and passports of all H–2B workers it employed between June 6, 1999, and the present.

(3) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 3.

(4) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 4.

(5) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 5.

(6) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 6.

(7) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 7.

(8) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 8.

(9) The Court **DENIES** Plaintiffs' Motion to Compel with respect to Request for Production # 9, as it is undisputed that Defendant did not pay the visa costs for its H–2B workers.

(11) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 11.

(12) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 12.

(13) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 13.

(15) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 15 to the extent that Defendant is required to produce all responsive documents for the time period of twelve (12) years preceding the commencement of this action. Notwithstanding the foregoing, the Court **DIRECTS** the parties to confer about limiting the scope of the documents requested.

(19) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 19.

(20) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Request for Production # 20.

In sum, Plaintiffs' Motion to Compel Production of Documents is **GRANTED in part** and **DENIED in part**. All documents ordered to be produced shall be produced within forty-five (45) days of the date of this Order.

### III. PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES

Plaintiffs next move the Court for an order compelling Defendant to provide full

answers to Plaintiff Escolastico De Leon–Granados' First Set of Interrogatories to Defendant Eller & Sons, Inc. Specifically, Plaintiffs moves the Court to compel Defendant to respond to interrogatories # 1–6 and 8. Having reviewed the interrogatories at issue, the corresponding objections by Defendant, the respective positions of the parties, and the law relied on by both Plaintiffs and Defendant, the Court hereby orders the following:

(1) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Interrogatory # 1.

(2) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Interrogatory # 2.

(3) In light of the fact that Plaintiffs are not direct competitors of Defendant, the Court **GRANTS** Plaintiffs' Motion to Compel with respect to Interrogatory # 3. Notwithstanding the foregoing, the Court **DIRECTS** the parties to confer regarding a suitable confidentiality agreement/protective order.

(4) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Interrogatory # 4.

(5) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Interrogatory # 5.

(6) The Court **DENIES** Plaintiffs' Motion to Compel with respect to Interrogatory # 6, as the interrogatory was poorly worded and did not clearly request information about investigations.

(8) The Court **GRANTS** Plaintiffs' Motion to Compel with respect to Interrogatory # 8.

In sum, Plaintiffs' Motion to Compel Responses to Interrogatories is **GRANTED in part** and **DENIED in part**. Defendant shall fully respond to the interrogatories as to which the Court granted the Motion to Compel within forty-five (45) days from the date of this Order.

## IV. PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM

Insofar as Plaintiffs' class certification motion has been resolved, the Court **GRANTS** Plaintiffs' Motion to Compel Compliance with Subpoena Duces Tecum. The Court directs Defendant to provide the requested documents to Plaintiffs within forty-five (45) days of the date of this Order.

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Compel Production of Documents [Doc. No. 37], **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Compel Responses to Interrogatories [Doc. No. 38], and **GRANTS** Plaintiffs' Motion to Compel Compliance with Subpoena Duces Tecum [Doc. No. 95].