### A08A1413. HEWITT ASSOCIATES, LLC v. ROLLINS, INC.
(669 SE2d 551)

RUFFIN, Presiding Judge.

Rollins, Inc. brought an action against Hewitt Associates, LLC, its employee benefits plan administrator, to recover administrative fees which it contends it should not have been charged by Hewitt. Hewitt filed a counterclaim seeking to recover for Rollins's failure to sign an amended service contract with Hewitt, despite representa-

---

tions that it would sign the contract and acceptance of services consistent with the existence of a contract between the parties. Rollins moved for summary judgment, and the trial court granted the motion in part, finding that Hewitt "[cannot] recover in contract, fraud, negligent misrepresentation or promissory estoppel but is not foreclosed from recovering in quantum meruit."[1] Hewitt appeals and, for reasons that follow, we affirm.

We conduct a de novo review of the trial court's ruling on summary judgment, viewing the evidence and all reasonable inferences and conclusions drawn from it in a light favorable to the non-moving party.[2] Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[3] So viewed, the evidence shows that Northern Trust Retirement Consulting, LLC was the administrator for Rollins's employee benefits plan from 1995 until June 2003. Rollins and Northern Trust had a written agreement governing their relationship (the "2001 Agreement"). In June 2003, Hewitt acquired Northern Trust's assets and assumed the role of administrator for Rollins's employee benefits plan.

After its purchase of Northern Trust, Hewitt informed Rollins that if it chose to remain a customer of Hewitt, Rollins would be required to change from Northern Trust's system to Hewitt's system for retirement plan administration and to agree to a multi-year extension of the 2001 Agreement. In a letter memorializing the parties' intent to amend and extend the 2001 Agreement, Hewitt wrote: "[i]n consideration of [Rollins's] agreement to extend the terms of the Agreement and to the Upgrade Date, Hewitt will waive implementation fees for conversion to a Hewitt platform." Such an extension was never signed by Rollins; however, Hewitt continued to convert Rollins's retirement plan to Hewitt's system. Hewitt contends that during this time "Rollins continued to represent to Hewitt that it would enter into the extension, at one point even telling Hewitt that Rollins'[s] management had given final approval of the contract extension." Rollins terminated its relationship with Hewitt in November 2006. Hewitt contends that it incurred approximately $1 million in expenses in converting Rollins's retirement plan.

1. Hewitt argues that the trial court erred in granting summary judgment on its breach of contract claim "because issues of material fact exist as to whether there was an enforceable agreement between

---

[1] The trial court denied both parties' motions for summary judgment as to Rollins's claims, but Hewitt does not appeal this ruling.

[2] See *Foreman v. Chattooga Intl. Technologies*, 289 Ga. App. 894 (658 SE2d 470) (2008).

[3] See id.

Hewitt and Rollins beyond what was provided for in the 2001 Agreement." As Hewitt has correctly stated, "[t]he issue is whether there are enough facts in the record with regard to whether Rollins assented to the terms of the new contract in a manner expressed plainly and explicitly enough to show what the parties agreed upon." Hewitt alleges that the parties agreed on all material terms of the contract, that Rollins told Hewitt that the contract was approved and was going to be signed, and that "[t]he agreement was enforceable at the moment Rollins told Hewitt it was going to sign the new agreement and encouraged Hewitt to undergo the conversion process."

> Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. Thus, an agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto.[4]

The record reflects that, while Rollins expressed a willingness to enter into an extension of the 2001 Agreement, it balked at a $1.8 million penalty clause initially contained therein. The testimony indicates that, while Rollins's employees told Hewitt that the extension "was going to be signed," they never stated that it had been signed. Hewitt later proposed an extension with a $400,000 penalty clause that was never signed. "It is well settled that the consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition."[5] There is no testimony that Rollins, despite its expressed desire to extend the contract, ever overcame its objection to the penalty clause in order to do so. And the 2001 Agreement provides that it "may not be modified except by an instrument in writing." Thus, there is no evidence of more than an agreement to agree, and the trial court properly granted summary judgment to Rollins on Hewitt's breach of contract claim.[6]

2. Hewitt contends that the trial court erred in granting summary judgment on its promissory estoppel claim because genuine issues of material fact exist as to whether Rollins agreed to extend the contract and whether Hewitt reasonably relied on the promise.

---

[4] (Citation and punctuation omitted.) *Coldmatic Refrigeration of Canada v. Hess*, 257 Ga. App. 753, 754 (1) (572 SE2d 6) (2002).

[5] (Punctuation omitted.) *Massih v. Mulling*, 271 Ga. App. 685, 686-687 (1) (610 SE2d 657) (2005).

[6] See *Overton Apparel v. Russell Corp.*, 264 Ga. App. 306, 310 (2) (590 SE2d 260) (2003).

Under the doctrine of promissory estoppel a "promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."[7]

As we discussed in Division 1, the evidence does not support a finding that Rollins promised to extend the contract, and therefore the trial court properly granted summary judgment on Hewitt's promissory estoppel claim.[8]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

## DECIDED NOVEMBER 17, 2008.

*Greenberg Traurig, Michael J. King, Hayden R. Pace*, for appellant.

*Bodker, Ramsey, Andrews, Winograd & Wildstein, Harry J. Winograd, Jessica J. Harper*, for appellee.

---

[7] *W. R. Grace & Co.-Conn. v. Taco Tico Acquisition Corp.*, 216 Ga. App. 423, 426 (1) (454 SE2d 789) (1995) (quoting OCGA § 13-3-44 (a)).

[8] See *Johnson v. Fulton County*, 235 Ga. App. 277, 280 (2) (509 SE2d 355) (1998).